IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SIONE V. LATUHOI,

      Plaintiff,                              No. CIV 2:12-cv-0370-MCE-JFM (PS)

    vs.

BANK OF AMERICA, N.A., *et al.*,

      Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

        On March 6, 2012, defendants filed a motion to dismiss this action for failure to state a claim. After plaintiff failed to oppose the motion, the court issued an order dated April 10, 2012 ordering plaintiff to file an opposition or a statement of non-opposition to the motion to dismiss within thirty days. Plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). Following expiration of that thirty-day period, and after plaintiff again failed to file an opposition to the motion to dismiss or otherwise respond to the court's order, the undersigned issued findings and recommendations on May 16, 2012 recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

        While the May 16, 2012 findings and recommendations remained pending, plaintiff filed a motion for extension of time to file an opposition to both the motion to dismiss

1

and to the findings and recommendations. See Doc. No. 19. Based on the representations made in plaintiff's motion, the undersigned vacated the May 16, 2012 findings and recommendations on August 20, 2012 and granted plaintiff leave to file an opposition to the motion to dismiss within twenty-one days of the date of the order. Plaintiff has again failed to file an opposition or otherwise respond to the court order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending since February 2012, two of the four defendants have yet to appear and the instant motion to dismiss has remained unopposed for over two months. Plaintiff's failure to comply with the Local Rules and the court's April 12, 2012 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

/////

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963 F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;latu0370.46fr(2)